### IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF ARKANSAS
### TEXARKANA DIVISION

**MARZELL WOODBERRY**                                                    **PLAINTIFF**

**v.**                                    **Civil No.: 4:10-cv-4077**

**WARDEN TURNER,**
*Miller County Correctional Facility et al.*                          **DEFENDANTS**

### REPORT AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE

Now before the Court is Plaintiff's Complaint.  ECF No.  1.  Plaintiff's Complaint was filed
by utilizing a form entitled "Form to be Use by Prisoners in Filing a Complaint Under the Civil Rights
Act, 42 U.S.C. 1983." ECF No.  1.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this
case is referred to the undersigned by the Honorable Judge Harry F.  Barnes.  For the following
reasons, it is the recommendation of the undersigned that the Complaint, ECF No.  1, be
**DISMISSED** with prejudice for failure to prosecute this action and for failure to obey an Order of
the Court.

###    I.    BACKGROUND

Mr.  Woodberry, Plaintiff herein, was named as a co-plaintiff in a Complaint filed by J.C. Otis
Collins.  As the Prison Litigation Reform Act requires each prisoner who brings a civil action to
submit a separate complaint and separate application to proceed *in forma pauperis*, the Court then
opened the above-styled case in Mr.  Woodberry's name.  This Court then directed the Clerk to send
Mr.  Woodberry the forms necessary to file a Complaint in his own name; as well as the forms
necessary to file an application to proceed *in forma pauperis*, or in the alternative, allowed him time
to pay the filing fee.  ECF No.  2.

Mr. Woodberry did not timely return his Complaint, application to proceed *in forma pauperis*, or pay the filing fee. No mail was returned to the Court as undeliverable, and moreover, Mr. Woodberry has not contacted the Court in anyway to continue to pursue his complaint.

**II.      APPLICABLE LAW**

Dismissal of a case for failure to prosecute and failure to comply with orders of the Court is specifically contemplated by the Federal Rules of Civil Procedure. FED. R. CIV. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (district court has power to dismiss *sua sponte* under Rule 41(b)); *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with *any* court order; such a dismissal may be *with* prejudice if there has been " 'a clear record of delay or contumacious conduct by the plaintiff' ") (emphasis added); *Garrison v. Int'l Paper Co.,* 714 F.2d 757, 759 (8th Cir.1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

**III.      DISCUSSION**

Plaintiff , Mr. Woodberry, was given until and including June 18, 2010 to respond to the Court regarding the filing of his Complaint. ECF No. 2. Plaintiff has failed to file an application to proceed *in forma pauperis*, failed to pay the filing fee, and has not communicated or pursued prosecution of this case. There has been no returned mail or other indication that Plaintiff has not had adequate warning of the consequences of his failure to pursue this action. *See* ECF No. 2 (specifically stating the case was subject to dismissal if the application to proceed *in forma pauperis* was not returned or the filing fee not paid). This case should be dismissed for failure to prosecute

and for failure to follow a court order.

## IV.   CONCLUSION

For the forgoing reasons I recommend the above-styled case be **DISMISSED** with prejudice

for failure to prosecute and failure to follow a court order.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **7th day of September 2010.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S.  MAGISTRATE JUDGE